## 18570

Samuel D. HARPER, Respondent, v. BANKERS LIFE & CASUALTY COMPANY, Appellant

(151 S. E. (2d) 98)

*Messrs. Dusenbury, Dusenbury & McKenzie,* of Florence, for *Appellant.*

*Messrs. Bridges, Bridges & Whisenhunt,* of Florence, for *Respondent,*

November 2, 1966.

LEWIS, Justice.

This action for declaratory judgment involves a determination of the liability of the defendant insurance company for medicine and drug bills incurred by an insured, after discharge from the hospital, under a hospital care policy provision which included payment of such expenses while the insured was "hospital-confined or as an out-patient."

The defendant Bankers Life & Casualty Company issued a policy of insurance to the plaintiff Samuel D. Harper under which it agreed to pay certain expenses incurred by a covered member of his family due to cancer or other specified dis-

eases. Under the heading of "Benefits," the policy provides that "the company will pay to the insured the expenses set forth below which are necessarily and actually incurred by any covered member of the Family, not to exceed the Aggregate Limit of each Specified Disease." Then follows a list of five benefits afforded by the policy and the monetary limits of coverage, including the following under the heading of "Hospital Care":

"1. *Hospital Care—Hospital board and room, and miscellaneous hospital expenses, while hospital-confined or as an out-patient; including drugs, medicines,* physiotherapy, and rental of necessary braces, crutches or wheel chairs; provided that such expenses are necessary for the treatment of the Specified Disease." (Emphasis added.)

The wife of the plaintiff, who was an insured under the policy, contracted cancer, a covered disease, necessitating hospitalization, surgery, post-operative x-ray therapy and, after her discharge from the hospital, the continued treatment of her condition with medicine and drugs prescribed by the attending physician. The defendant paid the claims for all of the foregoing expenses, except that for drugs incurred after the insured's discharge from the hospital. Payment of the latter was refused.

Subsequently, this action was brought to have the policy construed as it related to the liability of the defendant for payment of such drug expenses. The defendant denied liability, taking the position that it was only required, under the quoted provision of the policy to pay such expenses as were incurred while the insured was confined in the hospital or was an outpatient; and that the insured was neither hospital confined nor an outpatient within the meaning of the policy at the time the drug expenses were incurred.

After the issues were joined, the matter was submitted to the trial judge for determination under a stipulation of facts. Thereafter an order was issued construing the policy as a contract on the part of the defendant to pay the cost of all drugs and medicines necessarily and actually used in the

treatment of an insured for a covered disease. Judgment was accordingly entered against the defendant requiring the payment of all accrued drugs bills, and those to be incurred thereafter in the treatment of the insured. The defendant has appealed from the judgment so entered.

The liability of the defendant for the payment of drug expenses must be determined under the quoted policy provision. It contains the only specific reference to drug or medicine benefits and makes such coverage available to an insured only while (1) hospital confined or (2) an outpatient. The plaintiff claims the right to such benefits as an outpatient.

The lower court apparently construed the term *outpatient* as synonymous with "not hospital confined." The terms of the policy do not sustain such broad construction. *Outpatient* is clearly used in the policy provision in connection with hospital treatment and, as so used, means a patient who is not an inmate of a hospital but receives medical care from a service of the hospital, that is, one who comes to the hospital for medical care and returns home after treatment. Every patient who has been discharged from a hospital is not necessarily an outpatient of the hospital simply because his condition requires further treatment. In order to constitute one an outpatient of the hospital, the treatment received must be hospital connected.

The question then is whether the drug bills in question were incurred by the insured as an outpatient of the hospital. This is an issue of fact and must be determined in the light of all of the facts and circumstances of the particular case.

The insured entered a hospital at Florence, South Carolian, where she underwent surgery for cancer. She was thereafter discharged from the hospital and treatment of her condition was continued with medicine and drugs prescribed by the attending physician and procured by her from drug stores in the area. It was further stipulated between the parties "that in the Florence area the only patients that are designated as out-patients by the hospital are those who are

treated in the emergency clinic and never admitted to the hospital; that all patients that are admitted to the hospital are commonly called bed-patients and must have a hospital bed assigned to them and when discharged from the hospital as a bed-patient they are no longer classified as a patient of the hospital either as an in-patient or as an out-patient even though they may have to continue for extended periods of time under the care of their personal physician; that the hospitals do not have a retail drug license, and the only drugs which they dispense are those given to bed-patients upon the order or prescription of their attending physician, and those administered to the patients treated in the emergency clinic never admitted to the hospital and designated as out-patients; that those treated in the emergency clinic and listed as out-patients are listed as out-patients only for the time of their treatment in the emergency clinic and do not carry such a designation after being treated and released from the clinic; that there is no way for a patient once released from the hospital to obtain drugs through the hospital."

The foregoing is the only factual showing relative to the insured's status as an outpatient of the hospital and clearly fails to establish liability of the defendant for the drug or medicine expenses in question.

There is a total absence of any testimony to show that the insured incurred the drug bills as an out-patient. The only treatment afforded the insured after her discharge was by her attending physician. She was not classified by the hospital as an outpatient and there is no showing that she ever returned for treatment. Neither is there any fact from which an inference could arise that her treatment was connected in anyway with the hospital through the physician or otherwise.

The judgment of the lower court is accordingly reversed and the cause remanded to the lower court for entry of judgment in favor of the defendant.

Moss, C. J., Bussey and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.